**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000326
12-FEB-2026
07:51 AM
Dkt. 52 SO**

NO. CAAP-23-0000326

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ALLAN J. ZACHARY, Appellant-Appellant, v.
EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAII,
Appellee-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-22-0000098)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Leonard and Wadsworth, JJ.)

In this secondary appeal, Appellant-Appellant Allan J.
Zachary (**Zachary**) appeals from the April 3, 2023 Final Judgment
entered in favor of Appellee-Appellee Employees' Retirement
System, State of Hawaii (**ERS**) in the Circuit Court of the Third
Circuit (**Circuit Court**).[1]  Zachary also challenges the Circuit
Court's April 3, 2023 Findings of Fact, Conclusions of Law, and
Order (**Order**).  The Order affirmed the March 10, 2022 Final
Decision of the Board of Trustees of the Employees' Retirement
System of the State of Hawaii (**ERS Board** or **Board**), which, among
other things, adopted the March 3, 2014 Recommended Decision of
an administrative hearings officer, including the findings of
fact and conclusions of law contained therein, with certain
modifications.  The Recommended Decision, and thus the Final

---

[1]    The Honorable Henry T. Nakamoto presided.

Decision, concluded that Zachary was not entitled to service-connected disability retirement benefits under Hawaii Revised Statutes (**HRS**) § 88-336 (2012), quoted infra.

On appeal, Zachary contends that the Circuit Court: (1) "misstated and relied on incomplete facts" in affirming the ERS Board's determination that he failed to prove that at the time of his application, he was incapacitated for the further performance of duty (challenging the Circuit Court's conclusions of law (**COLs**) 21 through 25); (2) "misstated the substantial evidence" in affirming the ERS Board's determination that even if Zachary's alleged problems with mental functioning were considered, he failed to prove that at the time of his application he was incapacitated for the further performance of duty (challenging COLs 26 through 30); (3) "misstated the substantial evidence" in affirming the ERS Board's determination that Zachary failed to prove that at the time of his application, any incapacity was likely to be permanent (challenging COLs 31 through 36); and (4) erred in concluding that ERS's "intentional and unsupported delay of seven . . . years to process [Zachary's] request for service connected disability" did not violate his due process rights (challenging COLs 42 through 50).[2]

Our review of "decision[s] made by the circuit court upon its review of an agency's decision is a secondary appeal." Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (quoting Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004)). We apply the standards set forth in HRS § 91-14(g) (2012 & Supp. 2016) to determine whether the Circuit Court's decision was right or wrong. Id. at 120-21, 424 P.3d at 475-76 (quoting Paul's Elec. Serv., Inc., 104 Hawaiʻi at 416, 91 P.3d at 498).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Zachary's contentions as follows, and affirm.

---

[2] Zachary's points of error have been restated and consolidated for clarity.

(1) and (2)   It is undisputed that Zachary was employed by the State Department of Human Services as a Social Worker IV, was a member of ERS's hybrid plan (class H), and voluntarily retired on July 31, 2008.[3/]  At the time of Zachary's July 30, 2008 application for service-connected disability retirement, HRS § 88-336 provided, in relevant part:

> (a) Upon application of a class H member, . . . any class H member who has been permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, or as the cumulative result of some occupational hazard, through no wilful negligence on the member's part, may be retired by the board for service-connected disability; provided that:
>
> . . . .
>
> (4)   The medical board certifies that the member is incapacitated for the further performance of duty at the time of application and that the member's incapacity is likely to be permanent.

Here, the ERS Board (through its adoption of the Recommended Decision) determined in conclusions of law (**Board COLS**) 8 and 9 as follows:

> 8. [Zachary] has failed to prove by a preponderance of the evidence that due to the accidents of March 2, 2004, and August 8, 2005, he was incapacitated for the further performance of his duties as a Social Worker IV at the time of his application.
>
> 9. This conclusion would remain the same even if [Zachary's] alleged problems with mental functioning were considered.

The Circuit Court, in reviewing these Board COLs on primary appeal, concluded as follows:

> 22.   The clearly erroneous standard of review applies to [Board] COL 8 because it presents mixed questions of fact and law, and the conclusion is dependant upon the facts and the circumstances of this particular case.
>
> 23.   The Court concludes that the ERS Board's conclusion that [Zachary] failed to prove that at the time of his application, he was incapacitated for the further

---

[3/]   Zachary has not challenged any findings of fact in the hearings officer's Recommended Decision, which were adopted in the ERS Board's Final Decision.  These findings of fact (**Board FOFs**) are therefore binding on appeal.  See Poe v. Haw. Labor Rels. Bd., 97 Hawaiʻi 528, 536, 40 P.3d 930, 938 (2002) (an agency's unchallenged findings are binding on appeal).

performance of duty ([Board] COL 8) is supported by reliable, probative, and substantial evidence.

a. Dr. Chinn testified that the records relating to the 2004 and 2005 accidents do not indicate that [Zachary] is incapacitated for further performance of duty.

b. For both the 2004 and 2005 accidents, in response to the question "10. Does the disability render the employee incapable of continued employment in this present grade, class or position?", [Zachary's] employer answered "No."

c. Dr. Demeter's reports and Dr. Brewer['s] reports do not indicate that [at] the time of his application, [Zachary] was incapacitated for the further performance of duty.

d. Dr. Chinn testified that [Zachary] is not incapacitated.

24. The Court concludes that [Zachary] failed to meet his burden of proving that at the time of his application, he was incapacitated for the further performance of duty.

a. Dr. Weigel did not provide any basis for his opinion that [Zachary] is permanently incapacit[ated] from performing his job. Dr. Weigel, as a chiropractor, is not qualified to make a determination on incapacity. Dr. Chinn testified that [Zachary] should have been evaluated by an orthopedic physician or orthopedic surgeon for his lumbar strain. Dr. Chinn testified that an orthopedist can help determine whether someone is permanently incapacitated, and a chiropractor cannot.

b. Dr. Demeter and Dr. Brewer both opined that continuing care by Dr. Weigel is not indicated.

c. Dr. Weigel stated that he treated [Zachary] for injuries relating to the 2003, 2004, and 2005 accidents. Dr. Weigel's opinions may also be based on the 2003 accident, which is not part of [Zachary's] application. [Zachary's] application does not list any neck injury.

d. [Zachary's] arguments about his job performance are not supported by documentation from employment records or medical records.

Dr. Chinn testified that [Zachary's] December 8, 2011 letter to the Board regarding his activities "would indicate that he is not incapacitated; that he is able to perform his physical requirements of his job description."

e. [Zachary's] ex-wife, Heather Gudmundson, who testified about [Zachary's] physical and mental condition, is not a medical professional.

25. The Court concludes that [Board] COL 8 is not clearly erroneous. The ERS Board's conclusion that at the time of his application, [Zachary] was not incapacitated for further performance of duty is supported by reliable, probative, and substantial evidence. The ERS Board considered and weighed conflicting medical evidence but ultimately concluded that the evidence was insufficient to

4

prove that as of the time of his application, [Zachary] was incapacitated for performance of duty. [Zachary] failed to meet his burden of proving that at the time of his application, he was incapacitated for the further performance of duty.

. . . .

27. The clearly erroneous standard applies to [Board] COL 9 because it presents mixed questions of fact and law, and the conclusion is dependent upon the facts and circumstances of this particular case.

28. The Court concludes that the ERS Board's conclusion that even if [Zachary's] alleged problems with mental functioning were considered, [Zachary] failed to prove that at the time of his application, he was incapacitated for the further performance of duty ([Board] COL 9) is supported by reliable, probative, and substantial evidence.

a. [Zachary's] medical records do not indicate that he has suffered a head injury in the 2004 claimed accident or that he had problems with mental functioning at the time of his application. Dr. Chinn testified that if Appellant had a mental condition that would have interfered with his ability to function, the doctor would have made note of that in their records; and that none of the examining doctors made any comments about his mental incapacity.

b. The medical records and [Zachary's] testimony reflect a 45-year history of alcohol use and abuse. A social worker's note, dated 2/24/03, states that [Zachary's] "emotional and physical well-being have been effected [sic] by his service in Vietnam" and that he "continue [sic] to use alcohol to avoid emotional issues related to his service, or other significant experiences in his life."

c. [Zachary] admitted that he had an alcohol problem. He said that when he retired, Dr. Morrison identified the problem as excessive alcohol use. [Zachary] testified that after he retired in 2008, his alcohol "habit" got more intense and he was drinking six to ten drinks per day.

d. Dr. Chinn testified that [Zachary] had "almost 45 years of ethanol abuse to the point where his liver function tests were elevated." Dr. Chinn testified that if there was a significant problem with [Zachary's] ability to function mentally or physically, it would be related to alcohol abuse. It was documented in his medical records that he drank to fall asleep and that he self-medicates with four to six beers per day. Dr. Chinn testified that that would interfere with his ability to mentally and physically function. As to [Zachary's] complaints of memory loss, Dr. Chinn said: "When you have 45 years of alcohol use and abuse, . . . it is very common to have mental changes as well."

29. The Court concludes that [Zachary] failed to meet his burden of proving that, even if his alleged problems with mental functioning were considered, he was incapacitated for the further performance of duty at the time of his application.

5

a. [Zachary] did not present any medical testimony or evidence that he suffered a head injury in the 2004 accident or that he had problems with mental functioning at the time of his application.

b. [Zachary's] ex-wife Ms. Gudmundson, merely testified about her observations as a lay person.

c. Dr. Weigel did not opine about any problems with [Zachary's] mental capacity, and as a chiropractor, he is not qualified to do so.

30. The Court concludes that [Board] COL 9 is not clearly erroneous. The ERS Board's conclusion that even if [Zachary's] alleged problems with mental functioning were considered, [Zachary] failed to prove that at the time of his application, he was incapacitated for the further performance of duty, is supported by reliable, probative, and substantial evidence. The ERS Board considered and weighed conflicting medical evidence but ultimately concluded that . . . even if [Zachary's] alleged problems with mental functioning were considered, the evidence was insufficient to prove that as of the time of his application, [Zachary] was incapacitated for performance of duty. [Zachary] failed to prove that at the time of his application, he was incapacitated for the further performance of duty.

(Case and record citations omitted; some brackets in original.)

Zachary challenges COLs 21 through 25, COLS 26 through 30, and the related determinations that he failed to prove that at the time of his application, he was incapacitated for the further performance of duty. By implication, Zachary also challenges Board COLs 8 and 9.

We agree with the Circuit Court that the challenged Board COLs present mixed issues of fact and law and, as such, are reviewed under the clearly erroneous standard. Zachary presents no specific argument as to why Board COL 8 or 9 is clearly erroneous. Nor does he contest any of the supporting Board FOFs, which are therefore binding on appeal. See supra note 3; Poe, 97 Hawaiʻi at 536, 40 P.3d at 938. He merely quotes testimony from his chiropractor, Dr. Weigel, relating to his condition, presumably to show some conflict with the evidence relied on by the ERS Board. "[C]ourts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony . . . ." In re Hawaiian Elec. Co., 81 Hawaiʻi 459, 465, 918 P.2d 561, 567 (1996) (citing In re Hawaii Elec. Light

Co., 60 Haw. 625, 629, 594 P.2d 612, 617 (1979)). Based on our own review of the pertinent record, which the Circuit Court summarized in its COLs 23, 24, 28, and 29, we conclude that substantial evidence supported Board COLs 8 and 9 and they were not clearly erroneous. The Circuit Court was not wrong in so concluding.

(3) Zachary challenges COLs 31 through 36 and the related determination that he failed to prove that at the time of his application, any incapacity was likely to be permanent. Because Board COLs 8 and 9 were not clearly erroneous (see supra), the ERS Board did not err in determining that Zachary was not entitled to service-connected disability retirement under HRS § 88-336. We therefore need not reach the issue of whether any incapacity was likely to be permanent.

(4) Zachary contends that the Circuit Court erred in concluding that delays by ERS in processing his application for service-connected disability retirement did not violate his due process rights.

"[W]hen a statute is silent as to an express time frame, [the supreme] court has imported a 'reasonable time' standard." Trivectra v. Ushijima, 112 Hawai'i 90, 108, 144 P.3d 1, 19 (2006) (citing Paul's Elec. Serv., Inc., 104 Hawai'i at 420, 91 P.3d at 502). In Trivectra, the court concluded that a final agency order issued nine months after oral argument was not unreasonable where "there [was] no indication . . ., in contrast to Paul's Elec. Serv., that the delay was caused by an unjustified agency decision to postpone resolution of the matter or was so outside the bounds of the workings of a large and complex bureaucracy as to be deemed unreasonable *per se*." Id. at 109, 144 P.3d at 20.

Here, Zachary argues that there were two periods of unreasonable delay, as follows: (1) a roughly three-year, two-month delay from July 30, 2008, when Zachary applied for disability retirement, through October 17, 2011, when the ERS submitted his application to the Medical Board (**first delay**); and (2) a roughly four-year delay from October 12, 2015, when Zachary asked to postpone the scheduled oral argument on his appeal

before the ERS Board, through October 21, 2019, when the ERS wrote to Zachary and asked him whether he still wanted to pursue his appeal (**second delay**).

Regarding the first delay, Zachary does not point to where in the administrative record he raised this issue. Indeed, it does not appear to have been raised before the hearings officer or the ERS Board, and was thus not addressed in the Final Decision.[4] Although an administrative agency generally lacks power to pass upon the constitutionality of a statute, see HOH Corp. v. Motor Vehicle Indus. Licensing Bd., 69 Haw. 135, 141, 736 P.2d 1271, 1275 (1987), here, Zachary is claiming that an unexplained processing delay in submitting his application to the Medical Board, *i.e.*, the first delay, violated his due process rights. This mixed issue of fact and law should have been raised in the first instance before the ERS Board. See Perry v. Bd. of Trs. of Emps. Ret. Sys., CAAP-11-0000052, 2012 WL 1382476, at *11 (Haw App. Apr. 20, 2012) (SDO) (because appellant failed to raise an alleged Contract Clause claim before the ERS, the circuit court correctly found that he had waived that argument on appeal (citing Waikiki Resort Hotel, Inc. v. City & Cnty. of Honolulu, 63 Haw. 222, 250, 624 P.2d 1353, 1372 (1981)); Sato v. Dep't of Human Servs., No. CAAP-16-0000320, 2019 WL 1872931, at *2 (Haw. App. Apr. 26, 2019) (SDO) ("Waiver of an issue not raised at the administrative level applies even to constitutional issues when appellant is not challenging the constitutionality of a statute or other rule." (citing Perry)); see also HOH Corp., 69 Haw. at 143, 736 P.2d at 1276 ("When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." (quoting B.

---

[4] The Final Decision states in footnote 1: "During the oral arguments on [Zachary's] Exceptions, [Zachary's] counsel alleged for the first time that ERS took too long to schedule and hear the exceptions hearing, claiming that [Zachary] had been prejudiced by unreasonable delay, justifying reversal of the Proposed Decision . . . ." This describes Zachary's argument regarding the alleged second delay, which the ERS Board addressed in detail in the Final Decision. There is no indication in the record that Zachary raised the alleged first delay prior to his primary appeal.

Schwartz, Administrative Law § 8.37, at 519 (2d ed. 1984))).

In any event, Zachary has not shown that he suffered any prejudice as a result of the first delay, particularly in light of his own later actions to delay oral argument before the ERS Board (see infra) and the Board's ultimate determination, which we have affirmed, that he was not entitled to service-connected disability retirement. See S. Foods Grp., L.P. v. State, Dep't of Educ., 89 Hawaiʻi 443, 453, 974 P.2d 1033, 1043 (1999) (to reverse or modify an agency decision under HRS § 91-14(g), "the appellate court must conclude that an appellant's substantial rights were prejudiced by the agency." (citing In re Hawaiian Elec. Co., 81 Hawaiʻi at 465, 918 P.2d at 567)).

Regarding the second delay, the ERS Board determined that: the oral argument originally scheduled for November 9, 2015 was cancelled at Zachary's request and continued at his request until such time as he would let the Board know he was available; Zachary cancelled the oral argument to obtain counsel, who eventually filed a notice of appearance on July 2, 2021; the ERS Board then scheduled and conducted the oral argument on Zachary's exceptions on January 10, 2022; and there was no unreasonable delay in scheduling the argument. The ERS Board detailed the relevant communications between Zachary and the ERS – none of which Zachary disputes – which support the Board's determinations. See Poe, 97 Hawaiʻi at 536, 40 P.3d at 938.

In reviewing these communications and the ERS Board's determinations, the Circuit Court concluded that "the second delay was primarily at [Zachary's] request for [him] to obtain counsel[,]" "[his] action and inaction essentially waived the time of the second delay[,]" and there was no violation of Zachary's due process rights. Based on our own review of the pertinent record, we also conclude that there was no violation of Zachary's due process rights in these circumstances. The Circuit Court was not wrong.

For the reasons discussed above, the Final Judgment entered on April 3, 2023, in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, February 12, 2026.


On the briefs:

Ted S. Hong
for Appellant-Appellant.

Patricia Ohara and
Diane W. Wong,
Deputy Attorneys General,
for Appellee-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge